UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

LUIS FIGUEROA,

                          Petitioner,              9:18-CV-1024 (LEK/DJS)

        -against-

VERONICA FERNANDEZ, Warden,

                          Respondent.

_____

**DECISION AND ORDER**

## I.    INTRODUCTION

Petitioner Luis Figueroa filed a petition for a writ of habeas corpus pursuant to 28 U.S.C.
§ 2241. Dkt. No. 1 ("Petition"), 1-1 ("Petition Memorandum"). He is confined at the Federal
Correctional Institution in Ray Brook, New York, and has paid the statutory filing fee. Dkt. No. 3
("September Order").

## II.    BACKGROUND

### A.    Petitioner's Trial and Sentencing

On February 29, 2000, after a trial before the United States District Court for the District of
New Jersey, the jury found Petitioner guilty of conspiracy to distribute cocaine. United States v.
Figueroa, No. 98-CR-105 (D.N.J. March 31, 2003) ("Figueroa I"), ECF No. 442. The jury did
not make any finding regarding the quantity of cocaine involved in the conspiracy. Figueroa v.
United States, No. 04-CV-1424 (D.N.J. June 30, 2005) ("Figueroa II"), ECF No. 13 at 2.

About four months after the verdict, and before Petitioner was sentenced, the Supreme
Court decided Apprendi v. New Jersey, 530 U.S. 466 (2000). Apprendi held that "[o]ther than a

fact of a prior conviction, any fact that increases a penalty beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. In response to <u>Apprendi</u>, the court empaneled a second jury, over the objection of Petitioner's trial counsel Nicolas Velez, to determine the quantity of cocaine involved in the conspiracy. <u>Figueroa II</u>, ECF No. 13 at 3–5.[1] On February 10, 2003, the second jury found that Petitioner participated in a conspiracy to distribute five kilograms or more. <u>Figueroa I</u>, ECF No. 602. The finding increased Petitioner's maximum sentence from twenty years to life in prison. 21 U.S.C. § 841(A)(b)(1)(ii) & (C).

Petitioner subsequently fired Velez, who was replaced by attorney Brian McMonagle. <u>Figueroa v. United States</u>, No. 04-CV-1424, 2005 U.S. Dist. LEXIS 48301, at *5 (D.N.J. June 30, 2005) ("<u>Figueroa III</u>"). On March 27, 2003, Petitioner entered into a plea agreement with the Government in which he agreed to drop his appeal and waive his right to appeal or attack his sentence under 28 U.S.C. § 2255. <u>Id.</u> In exchange, the Government agreed to recommend a prison term of 35 years, instead of life, in prison. <u>Figueroa II</u>, Dkt. No. 13 at 6. The court accepted the agreement and, on March 31, 2003, sentenced Petitioner to 420 months (35 years) in prison, five years of supervised release, and a $10,000 fine. <u>Figueroa I</u>, ECF No. 618. Petitioner has indicated he did not appeal his sentence or conviction. <u>Figueroa v. Meeks</u>, No. 17-CV-284, 2017 WL 9289433, at *1 (D.S.C. Feb. 21, 2017).

---

[1] The Second Circuit later confirmed that "to impose a sentence above the statutory maximum for an indeterminate quantity of drugs, . . . the type and quantity of drugs is an element of the offense that must be charged in the indictment and submitted to the jury." <u>United States v. Thomas</u>, 274 F.3d 655, 660 (2d Cir. 2001).

**B.  Post-Conviction Motions in the District Court of New Jersey**

On March 29, 2004, Petitioner moved the sentencing court to vacate the judgment under § 2255. Figueroa II, ECF No. 1. He argued "that asking a second jury to find him guilty of a greater offense that would have resulted in a life sentence" violated the Double Jeopardy Clause of the Fifth Amendment, and his counsel was ineffective because he "advised [Petitioner] to take the plea, stating that there was no merit to a claim of double jeopardy concerning the empanelment of a sentencing jury after Apprendi." Figueroa III, 2005 U.S. Dist. LEXIS 48301, at *7–8.

The court denied the motion. It noted that "waivers of appeals in plea agreements are generally enforceable . . . if entered into knowingly and voluntarily, unless they work a miscarriage of justice." Id. at *13–14 (citing United States v. Khattak, 273 F.3d 557, 558 (3d Cir. 2001)). Reviewing its colloquy with Petitioner before sentencing, the court found that he "underst[ood] . . . the waiver provision of his plea agreement, including the fact that he agreed he could not raise the double jeopardy argument in the future," found that he "entered into the plea agreement knowingly and voluntarily," and held that "there would be no miscarriage of justice in enforcing [it]." Id. at *9. In any event, the court reached the merits and found that McMonagle's failure to re-raise the double jeopardy argument the court had already rejected, and his advice to plead guilty instead of facing life in prison, did not make him ineffective. Id. at *14–15. On April 27, 2006, the United States Court of Appeals for the Third Circuit denied Petitioner's request for a certificate of appealability. Figueroa II, ECF No. 25.

From 2005 to 2014, Petitioner filed seven motions either for relief from the judgment or for reconsideration, all of which the court denied. Id., ECF Nos. 17, 27, 29, 33, 39, 45, 54. The

Third Circuit denied his requests for certificates of appealability, finding that "jurists of reason would not debate the . . . denial[s] of [petitioner's] motion[s]." Id., ECF Nos 44, 59. Petitioner subsequently filed two more notices of appeal, id., ECF Nos. 60, 62, and an amended complaint, id., ECF No. 65. Shortly thereafter, the court directed the clerk not to accept any further filings from Petitioner in the matter. Id., ECF No. 67. It concluded that "Petitioner's claims ha[d] been fully and fairly adjudicated," and that "[h]is continued, frequent filings are inappropriate because the docket is closed." Id. "Accordingly, the [c]ourt f[ound] that the . . . Clerk . . . should no longer be burdened by accepting, scanning, and filing submissions that have no legally cognizable purpose." Id.

### C.    Other Motions Attacking Petitioner's Conviction

In 2012, Petitioner also moved the Third Circuit for a writ of prohibition to prevent the "enforce[ment of an] illegal judgment obtained through the empaneling of a second jury," raising the same arguments he had made in his § 2255 petition. In re Figueroa, 463 F. App'x 99, 100 (3rd Cir. 2012). The Third Circuit noted that this filing was "the latest of several attempts by [Petitioner] to challenge his federal conviction and sentence." Id. at n.1. Petitioner requested the court "restore the verdict of the first jury panel and sentence him accordingly," but the court held that a "writ of prohibition [wa]s not the appropriate vehicle for such a remedy or for challenging [Petitioner's] sentence." Id. Accordingly, the petition was dismissed. Id.

Petitioner also filed a civil action, pursuant to 28 U.S.C. § 1331, in the Western District of Virginia seeking a declaratory judgment under 28 U.S.C. §§ 2201–2202 for "alleged judicial errors related to his detention under a federal criminal judgment issued by the United States District Court for the District of New Jersey." Figueroa v. United States, No. 13-CV-38, 2013

4

WL 499473, at *1 (W.D.Va. Feb. 8, 2013). Specifically, Petitioner sought a declaration that the dismissal of his § 2255 petition "deprived him of the opportunity to assert that he accepted the waiver in reliance on delinquent representation by counsel." Id. The court dismissed the action, holding that the Declaratory Judgment Act "does not provide a means whereby previous judgments by . . . federal courts may be reexamined, nor is it a substitute for . . . post conviction remedies," and the court could not construe the complaint as a § 2255 motion because it did not render the sentence. 2013 WL 499473, at *2 (internal citations omitted).

Finally, Petitioner filed two petitions for habeas corpus pursuant to 28 U.S.C. § 2241 in the District of South Carolina. Figueroa v. Meeks, No. 17-CV-284, 2017 WL 9289433 (D.S.C. Feb. 21, 2017); Figueroa v. Ramirez, No. 17-CV-1965, 2017 WL 9470774 (D.S.C. Aug. 7, 2017), report and recommendation adopted, 2017 WL 4349210 (D.S.C. Oct. 2, 2017). In his first petition, Petitioner unsuccessfully re-raised the double jeopardy argument. Meeks, 2017 WL 9289433, at *2. In his second, he asserted in broad terms that he was "being detained . . . without Due Process . . . pursuant to a judgment and commitment order issued by a court that had no jurisdiction . . . for a matter which by law no man ought to be punished." Ramirez, 2017 WL 9470774, at *2. The court dismissed both petitions. It concluded that Petitioner "fail[ed] to establish that a § 2255 motion [wa]s inadequate or ineffective to test the legality of his detention" as he could not "demonstrate the conduct for which he was convicted—conspiracy to distribute cocaine—has been deemed non-criminal by a substantive law change." Meeks, 2017 WL 9289433, at *3; Ramirez, 2017 WL 9470774, at *2–3. The Fourth Circuit affirmed. Figueroa v. Ramirez, 710 F. App'x 165 (4th Cir. Feb. 2, 2018).

## III.    LEGAL STANDARD

As the Second Circuit has explained:

28 U.S.C. §§ 2241 and 2255 each create mechanisms for a federal prisoner to challenge his detention, but the two sections offer relief for different kinds of perceived wrongs. Section 2255 provides relief in cases where the sentence: (1) was imposed in violation of the U.S. Constitution or the laws of the United States; or (2) was entered by a court without jurisdiction to impose the sentence; or (3) exceeded the maximum detention authorized by law; or (4) is otherwise subject to collateral attack. We have held that § 2255 is the appropriate vehicle for a federal prisoner to challenge the imposition of his sentence.

Section 2241 by contrast is the proper means to challenge the execution of a sentence. In a § 2241 petition a prisoner may seek relief from such things as, for example, the administration of his parole, computation of his sentence by parole officials, disciplinary actions taken against him, the type of detention, and prison conditions in the facility where he is incarcerated. In addition, § 2241(c)(3) also grants federal courts authority to entertain habeas petitions from prisoners "in custody in violation of the Constitution or laws or treaties of the United States." This language appears to create an overlap between § 2255 and § 2241. But we have ruled that federal prisoners generally must invoke § 2255 instead of § 2241 to challenge a sentence as violating the U.S. Constitution or laws.

Adams v. United States, 372 F.3d 132, 134–35 (2d Cir. 2004).

Motions under § 2255 are subject to certain "gate-keeping" provisions, such as the requirement that a prisoner may not file a second or successive § 2255 motion unless the Court of Appeals certifies that it is based on "newly discovered evidence" demonstrating "that no reasonable factfinder would have found the movant guilty" or "a new rule of constitutional law, made retroactive to cases on collateral review, that was previously unavailable." Jiminian v. Nash, 245 F.3d 144, 146 (2d Cir. 2001). Section 2255 motions must also be filed with "the court which imposed the sentence," § 2255(a), "a court already familiar with the facts of the case," Boumediene v. Bush, 553 U.S. 723, 775 (2008). By contrast, Petitions filed under § 2241 are

filed in the district where the petitioner is confined. § 2241(a).

A federal prisoner may challenge the validity of his sentence under § 2241 only if he can show that the remedy under § 2255 is "inadequate or ineffective to test the legality of his detention." § 2255(e). But § 2255 is "inadequate or ineffective" only in rare circumstances: "when the petitioner cannot, for whatever reason, utilize § 2255, and [when] the failure to allow for collateral review [under § 2241] would raise serious constitutional questions." Triestman v. United States, 124 F.3d 361, 377 (2d Cir. 1997). The Second Circuit "predicted that the types of cases raising such serious constitutional questions would be 'relatively few,' and . . . [has] recognized only one: cases involving prisoners who (1) can prove 'actual innocence on the existing record,' and (2) 'could not have effectively raised [their] claim[s] of innocence at an earlier time.'" Cephas v. Nash, 328 F.3d 98, 104 (2d Cir. 2003) (quoting Triestman, 124 F.3d at 363). "[W]here . . . [the] petitioner invokes § 2241 jurisdiction to raise claims that clearly could have been pursued earlier, or where his asserted innocence is plainly belied by the record, then the savings clause of § 2255 is not triggered and dismissal of the § 2241 petition for lack of jurisdiction is warranted." Id. at 105.

## IV.    DISCUSSION

In his latest Petition, before this Court, Petitioner again asserts that empaneling the second jury and imposing a sentence above twenty years in prison (the maximum sentence absent the second jury's quantity finding) violated the Double Jeopardy Clause. Pet. Mem. at 19–20. He argues that his "rights against double jeopardy were violated [when] a new jury returned a new verdict . . . . That second bite of the apple g[a]ve the government leverage to hold the prospect of a life sentence over [Petitioner's] head if he d[id not] waive his

right to appeal, and/or collaterally attack the issues pertaining to the empanelment of a second jury." Id. at 25. In addition, as before, he asserts McMongle was constitutionally ineffective for advising him to plead guilty anyway. Id. at 28.

These arguments are identical to those presented in his many previous motions, including his original § 2255 motion, which the District Court of New Jersey rejected and dismissed after considering the merits. Figueroa III, 2005 U.S. Dist. LEXIS 48301, at *13–15. Therefore, as in Adams, they "could have been raised"—and, indeed, were "actually were raised—in prior proceedings." 372 F.3d at 135. In addition, while Petitioner asserts that he is "actually innocent of the thirty-five year sentence both factually and legally," he does not discuss the evidence before either jury or argue that it was or is insufficient to prove the conspiracy involved five kilograms. Pet. Mem. at 24. Therefore, "dismissal of [Petitioner's] § 2241 petition for lack of jurisdiction is warranted."[2] Cephas, 328 F.3d at 105.

## V.     CONCLUSION

Accordingly, it is hereby:

**ORDERED,** that the Petition (Dkt. No. 1) is **DISMISSED** for lack of jurisdiction; and it is further

**ORDERED,** that the Clerk serve a copy of this Decision and Order upon Petitioner in accordance with the Court's Local Rules of Practice.

---

[2] "When the petitioner has already had a prior § 2255 petition dismissed on the merits . . . the district court can [also] treat the § 2241 petition as a second or successive § 2255 petition and refer the petition to [the Second Circuit] for certification." Adams, 372 F.3d at 136. However, because a § 2255 motion must be directed to the sentencing court, § 2255(a), and "it is it is plain from the petition that [Petitioner] cannot demonstrate that [Petitioner's motion under] § 2255" in New Jersey was "inadequate or ineffective to test the legality of his detention," the Court finds it appropriate to "dismiss the § 2241 petition for lack of jurisdiction." Id.

**IT IS SO ORDERED.**

DATED:      October 30, 2018
                   Albany, New York

Lawrence E. Kahn
U.S. District Judge